## Hampton v. Leach.

*Contracts—Sale of real estate—Exchange of properties—False represen-*
*tations of condition of vendor's property—Affidavit of defence—Failure of*
*vendee to inspect property.*

In a suit for damages for the breach of a written contract for sale of real estate
by plaintiff to defendant, the affidavit of defence and supplemental affidavit averred
that the contract set out in the statement of claim was only part of the entire
agreement, which provided also for a sale and conveyance of defendant's real
estate to plaintiff; and that the agreement was entered into solely upon the plain-
tiff's representation that his property, which defendant did not have an opportu-
nity to examine previously, was in good condition; but that defendant examined
it as soon as possible after executing the agreement, and it was so defective in
construction and workmanship that defendant canceled the agreement immediately.
Various defects in plaintiff's property were specified; but no warranty of the con-
dition of plaintiff's property was alleged, nor that any of the terms of the agree-
ment were omitted from the written contract by fraud, accident or mistake; nor
was there any charge that constraint was exercised by plaintiff, or any explanation
of defendant's failure to examine before buying the property. Defendant made no
effort to carry out the exchange of properties, and tendered no conveyance: *Held*,
the affidavits were evasive, contained conclusions of law, and were insufficient;
but, as the parties agreed to exchange properties, damages should not be assessed
until they had opportunity to carry out the agreements or the amount of plaintiff's
damages was duly determined.

Rule for judgment for want of a sufficient affidavit of defence. C. P. No. 5,
Phila. Co., June T., 1921, No. 5509.

*Saul, Ewing, Remick & Saul*, for plaintiff.

*Klauder & Du Bois*, for defendant.

MARTIN, P. J., Oct. 25, 1921.—Suit was instituted to recover damages for
the breach of a written contract for the sale of real estate.

Plaintiff is the owner of a house and lot, No. 1309 Arrott Street, in the City
of Philadelphia. On June 11, 1921, he executed an agreement to sell, and the
defendant agreed to buy, the property for the sum of $10,500, subject to a
mortgage of $5000. One thousand dollars was to be paid at the signing of
the agreement, and settlement to be made on or before July 11, 1921. Time
was to be the essence of the agreement.

The statement of claim avers that plaintiff has at all times since the execu-
tion of the agreement been able, ready and willing to comply with its terms,
and did on July 11, 1921, tender to defendant a deed for the premises duly
executed and acknowledged, but that defendant refused to comply with the
terms of the agreement and to pay the balance of the purchase money.

The affidavit of defence admits the execution of the agreement of sale by
the defendant, and that he refused to accept a conveyance of the property or
pay the balance of the purchase money, but alleges that the agreement upon
which suit was brought was only a portion of the agreement entered into by
the parties, they having simultaneously entered into another agreement, a
copy of which is attached to the affidavit of defence, whereby plaintiffs agreed
to purchase from defendant, and defendant agreed to sell to plaintiff, prem-
ises Nos. 2949 and 2957 Ella Street and No. 2517 East Firth Street upon the
terms and conditions therein set forth; but that both of the agreements were
entered into solely upon the representation of the plaintiff that his property,
No. 1309 Arrott Street, which the defendant had not had an opportunity to
examine at the time the agreements were executed, was in good condition, but
which, upon examination made at the first opportunity after executing the
agreements, proved to be so defective in construction and workmanship that
defendant immediately notified plaintiff that the agreements were canceled.

The affidavit denies that plaintiff has been ready and willing to comply with the terms and conditions of his agreement, and while denying that plaintiff tendered a deed on July 11, 1921, duly executed and acknowledged, admits that plaintiff came to defendant's place of business on that date and during business hours offered him a folded paper, the nature and character of which defendant does not know.

The affidavit further alleges defendant refuses to take title to the premises he agreed to buy because "the house is grossly defective in construction and workmanship and not according to the representation of plaintiff at the time of the execution of the agreement," and for the further reason that the two agreements "form an entire and inseparable contract, a performance under one agreement depending entirely upon a performance under the other."

After a rule for judgment was entered, a supplemental affidavit of defence was filed, in which it is alleged that on or about June 11, 1921, the plaintiff and defendant entered into a certain oral agreement, in which plaintiff agreed to convey to defendant No. 1309 Arrott Street, and defendant agreed to convey unto plaintiff Nos. 2949 and 2957 Ella Street and No. 2517 East Firth Street; that the oral agreement was one and indivisible agreement between the parties, and for further evidence plaintiff and defendant simultaneously executed and signed the two writings appearing as exhibits to the statement of claim and affidavit of defence; that the purpose of the oral agreement was to exchange the properties of the plaintiff for the said properties of the defendant. By the terms of the oral agreement, plaintiff agreed to accept the conveyance of the properties of defendant in full payment and satisfaction for the conveyance by the plaintiff of premises No. 1309 Arrott Street to the defendant, and the plaintiff agreed to pay defendant $500 in addition on or before July 11, 1921, being the difference between the purchase price of $9500, less the mortgage upon the property of $5000, and $5000, which was a consideration named in the writing annexed to defendant's affidavit of defence; that plaintiff, in the oral agreement, represented the premises No. 1309 Arrott Street to be in first-class condition as to the construction thereof and as to the interior thereof, and that defendant, in making the oral agreement and in signing the paper writing relied upon, believed the representations made by the plaintiff and was induced to make the oral agreement and sign the said papers by reason of the representations, and without such representations would not have made the agreement or signed the said writings; that at the time, June 11, 1921, he had not examined the premises No. 1309 Arrott Street or seen the interior thereof, nor had any opportunity to so examine the premises, but subsequently to June 11, 1921, examined the premises and discovered that the representations, respecting the premises, made by the plaintiff were false, untrue and fraudulent and not in accord with the construction and condition of the premises No. 1309 Arrott Street; that the rear wall was cracked, of poor construction, incompletely pointed and in bad condition, and the interior of the premises not in first-class condition, but in bad condition, the ceilings being improperly supported, the plaster thereon broken and fallen from the ceiling in places, and the entire interior of the building in bad condition of repair, and the premises not in first-class condition as represented by the said plaintiff.

There is no allegation in either of the affidavits of defence that there was a warranty as to the condition of plaintiff's property, or omission of any of the terms of the agreement from the written contract by fraud, accident or mistake. It is alleged that plaintiff made representations as to the condition of his property, and in general terms that "defendant was not in a position to

examine the property," but there is no charge of constraint exercised by plaintiff or attempt made to explain why defendant's eyes were not his bargain.

It is not alleged that the agreements were executed upon the faith of a promise made by plaintiff which he failed to carry out, but that there was reliance upon representations in relation to the condition of the property which could have been verified by inspection.

No effort was made to carry out the exchange of properties, and there was no tender of conveyance by defendant.

The affidavits are evasive, contain conclusions of law, and are insufficient to prevent the entry of judgment.

The parties having agreed to exchange properties, damages should not be assessed until opportunity is afforded to carry out the agreements, or the amount of damages to which plaintiff is entitled is duly determined.

And now, to wit, Oct. 25, 1921, the rule for judgment is made absolute; no damages to be assessed until further order of the court.